UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JASON JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.:   2:19-CV-206-TAV-CRW |
| | ) | |
| ESCO JARNAGIN, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

On October 30, 2019, Petitioner, a prisoner in the Hamblen County Jail, filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] with the United

States District Court for the Western District of Tennessee, which transferred the petition

to this Court as the proper venue [Doc. 5].  However, on the same day, Petitioner filed an

identical petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this District,

*Jones v. State of Tennessee.*, No. 3:19-CV-458-TRM-DCP (E.D. Tenn., filed Nov. 12, 2019

[Doc. 1]).

"As between federal district courts . . . though no precise rule has evolved, the

general principle is to avoid duplicative litigation." *Colorado River Water Conservation

Dist. v. United States*, 424 U.S. 800, 817 (1976).  "Generally, a suit is duplicative if the

claims, parties, and available relief do not significantly differ between the two

actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).  Faced with

a duplicative suit, a federal court may exercise its discretion to stay or dismiss the suit

before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the

other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The Sixth Circuit has stated as follows with regard to such suits:

> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. Appx 435, 438 (6th Cir. 2006) (alterations in original).

While Petitioner filed his two identical pending § 2254 petitions on the same day, his other § 2254 petition was properly filed in this District, whereas this action was not filed in the proper venue. Accordingly, the Court will **DISMISS** this action **without prejudice**. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (explaining that courts have "due flexibility to prevent vexatious litigation," with respect to duplicative mixed petitions). The Court will not issue a certificate of appealability with regard to this dismissal because jurists of reason would not find this procedural ruling debatable. *Id.* Also, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE